# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLAN DOUGLAS WILSON,<br><br>*Plaintiff*,<br><br>v.<br><br>CLERK, SUPREME COURT OF THE UNITED STATES,<br><br>*Defendant* | Civil Action No. 26 - 17 (UNA) |

## MEMORANDUM OPINION

Before the court is Plaintiff Allan Douglas Wilson's complaint, ECF No. 1, and motion to proceed *in forma pauperis*, ECF No. 2. The court will grant the application to proceed *in forma pauperis* and dismiss the complaint and the complaint with prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

Mr. Wilson brought this civil action for damages against the Clerk of the Supreme Court of the United States. Mr. Wilson alleges that, on April 14, 2025, the Clerk of the Supreme Court of the United States returned a petition for a writ of certiorari he was attempting to file "with a Notice requiring correction or amendment" of his submission. ECF No. 1. at 6.[1] He responded by sending eleven copies of his revised petition, exceeding 1,300 pages, by first-class mail on May 9, 2025, but received "no confirmation of receipt or filing." *Id.* Mr. Wilson later confirmed that the Supreme Court had received of one of the two boxes of documents he had sent on May 9, 2025, and he infers that the Clerk's Office had either lost or destroyed the second. *See id.* at 7. He

---

[1] When citing to ECF No. 1, the court uses the page numbers generated by CM/ECF, rather than any internal pagination.

argues that the unnamed clerk's alleged "failure to properly receive, process, and acknowledge [his] lawfully mailed court filings" amounted to obstruction of justice and violated his rights under the Fifth and Fourteenth Amendments to the United States Constitution. *Id.* at 8-9. Mr. Wilson seeks compensatory and punitive damages. *Id.* at 10.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Here, Mr. Wilson fails to state a claim for relief because the Clerk of the Supreme Court is immune from suit. As general matter, courts and judges are absolutely immune from suits arising from their official actions. *Forrester v. White*, 484 U.S. 219, 225 (1988); *Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978). This immunity extends to court staff in the performance of "tasks that are an integral part of the judicial process." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see Jones v. U.S. Sup. Ct.*, No. 10-CV-910, 2010 WL 2363678, at *1 (D.D.C. June 9, 2010) (concluding that court staff are immune from suits for damages arising from activities such as the "receipt and processing of a litigant's filings"), *aff'd sub nom.*, *Jones v. Sup. Ct. of U.S.*, 405 F. App'x 508 (D.C. Cir. 2010) (per curiam), *aff'd*, 131 S. Ct. 1824 (2011); *Thomas v. Wilkins*, 61 F. Supp. 3d 13, 19 (D.D.C. 2014) (dismissing claims against a court employee based on her handling of court submissions), *aff'd*, No. 14-5197, 2015 WL 1606933 (D.C. Cir. Feb. 23, 2015). Court staff are immune even if they err in performing those tasks, *Sindram*, 986 F.2d at 1461, and this immunity cannot be overcome "by allegations of bad faith or malice," *Mirales v. Waco*, 502 U.S. 9, 11 (1991).

Accordingly, the court will grant Mr. Wilson's motion to proceed *in forma pauperis*, ECF No. 2, and dismiss the complaint with prejudice.[2]  A contemporaneous order will issue.

_____
LOREN L. ALIKHAN
United States District Judge

Date:   February 9, 2026

---

[2] Dismissals on the basis of absolute immunity are with prejudice.  *See Fournerat v. Higgins*, No. 24-CV-2520, 2024 WL 4528973, at *1 (D.D.C. Oct. 18, 2024).